| BRUCE LUNDBERG | 18TH JUDICIAL DISTRICT COURT |
|---|---|
| VERSUS | STATE OF LOUISIANA |
| | PARISH OF WEST BATON ROUGE |
| ANDREW HEAPS | NUMBER 10,42940 SEC. B |

### PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes BRUCE LUNDBERG, a person of the full age of majority and domiciled in the Parish of West Baton Rouge, State of Louisiana, who respectfully represents that the defendant, ANDREW HEAPS, is indebted to him for the following:

1.

Made defendant herein is:

a. ANDREW HEAPS, a person of full age of majority and an alien domiciled in Canada.

2.

On or about June 19, 2015, plaintiff Bruce Lundberg was lawfully traveling westbound on Interstate 12 near Covington, Louisiana when he slowed his vehicle due to traffic congestion. Plaintiff was operating a 2014 Honda Accord with the full knowledge and consent of owner, Amber Hilton.

3.

At or about this same time, defendant was operating a 2006 Ford F150 truck, which was traveling directly behind the plaintiff's vehicle. Suddenly and without warning, as plaintiff was slowing his vehicle due to the traffic congestion, defendant was unable to stop his vehicle in time and swerved to the left to avoid striking plaintiff's vehicle. However, the front right of defendant's vehicle struck the left rear of plaintiff's vehicle, causing the accident.

4.

As a result of the accident, the plaintiff, Bruce Lundberg, has experienced pain, suffering, frustration and inconvenience, bodily injury, and has incurred medical bills.

5.

Plaintiff alleges that the accident was due to the fault and negligence of defendant in the following, non-exclusive particulars:

a) by operating a motor vehicle in an inattentive and distracted manner;

b) by failing to stop his vehicle to avoid the accident, or take other evasive measures;


EXHIBIT A

c) by failing to see what a reasonable driver would see;

d) violation of La. R.S. 32:81; and

e) other acts of negligence, to be shown at trial.

6.

Plaintiff avers that he is therefore entitled to recover from Defendant a reasonable and equitable award, sufficient to fully and adequately compensate him for all of his damages as a result of the accident.

**WHEREFORE**, Plaintiff prays that after all due proceedings are had, there be judgment rendered herein in his favor, and against the Defendant, as prayed for above, in an amount reasonable and equitable in the premises to compensate him for his damages, together with legal interest from the date of judicial demand until paid in full, all costs of these proceedings, and for all other general and equitable relief to which they may be entitled.

Respectfully submitted:

Christopher D. Shows
Bar Roll Number 20608
**PIERCE & SHOWS, APLC**
Attorney for Plaintiff
601 St. Joseph Street
Baton Rouge, Louisiana 70802
(225) 388-9574
cshows@pierceandshows.com

**PLEASE SERVE:**

ANDREW HEAPS
Through his agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

Mr. Heaps resides at:
1244 Boul Delorme
Sainte Julien, Canada, 57117

| BRUCE LUNDBERG | 18TH JUDICIAL DISTRICT COURT |
|---|---|
| VERSUS | STATE OF LOUISIANA |
| | PARISH OF WEST BATON ROUGE |
| ANDREW HEAPS | NUMBER _____ SEC.____ |

### *INTERROGATORIES and REQUESTS FOR PRODUCTION*

These Interrogatories and Requests for Production are propounded by BRUCE LUNDBERG, to be answered by defendant, ANDREW HEAPS, within the time limits allowed by State law, such Interrogatories and Requests for Production to be deemed continuing pursuant to the fullest extent allowed by the Louisiana Code of Civil Procedure.

### I. DEFINITIONS

Unless otherwise indicated, as used herein:

1. "Defendant" (or "Defendants") shall mean ANDREW HEAPS and shall also mean any of his past and present employees, agents, or representatives of same, and all persons acting or purporting to act on behalf of same for any purpose whatsoever.

2. "Document" or "Record" shall mean all written, printed, typed, recorded or graphic matter of every type and description, however and by whomever prepared, produced or reproduced, disseminated or made, in any form now or formerly in the possession, custody or control of the defendants, including but not limited to letters, correspondence, telegrams, telexes, memoranda, records, minutes, contracts, agreements, intra- and interoffice communications, microfilms, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, work compilations and computer runs, worksheets, statistics, speeches, tapes, tape recordings, press releases, public statements and public announcements, public and governmental filings, financial statements, opinions, and other writings and other magnetic, photographic, electronic, and sound recordings.

3. "Identify" or "Identity" shall mean, with respect to an individual, his name, telephone number(s), last known residence address and last known business address. "Identify" or "Identity" shall mean, with respect to a corporation, partnership, joint venture, or other business entity, its name and last known business address, and telephone number(s).

4. "All" shall mean "any" and vice versa.

5. "Relating to" (or a form thereof) shall mean constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

6. "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

1

## II. INTERROGATORIES TO BE ANSWERED

1.

Please state the full name and address of each and every person making answers to these Interrogatories; and if more than one person answers or assists in answering these Interrogatories, please state the number of the Interrogatory which was answered or assisted in being answered by each such person.

2.

Please state the correct name and address of the employer of defendant Andrew Heaps on June 19, 2015.

3.

Please state the name, job title, employer, telephone number, and address of all persons known or believed to have firsthand knowledge of the facts and circumstances of the accident complained of in the Petition heretofore filed in the above-captioned matter, or of events leading up to or following.

4.

Did you or anyone acting on your behalf obtain a written, recorded, or oral statement from plaintiff or any person known or believed to have firsthand knowledge of the facts and circumstances of the accident complained of in the Petition heretofore filed in the above-captioned matter, or of events leading up to or following? If so, indicate each type of statement obtained, by whom it was taken, the address of the person taking it, the date it was taken, and whether it was signed by the party making the statement.

5.

If you have any defenses to the allegations asserted in plaintiff's Petition, please state:

    a.    The facts upon which these defenses are based;

    b.    The documents upon which you rely to support these defenses;

    c.    The witnesses upon whom you rely to support these defenses, giving name and address of each;

    d.    The expert upon whom you rely to support these defenses, giving name, address, and area of expertise of each.

6.

Do you contend that the incident made the basis of this lawsuit was, or may have been caused in part, or in whole, by the negligence of anyone other than the plaintiff, yourself, or those whom you represent? If so, please state:

    a.    The name of each person involved;

    b.    In general, what each other person did that you contend was negligent.

7.

For each expert who has, or claims to have, knowledge of facts pertaining to any issue in this lawsuit, or for each person in your employment whom you consider to be such an expert, state:

    a.    Name, address, and job classification;

    b.    Field of competency;

    c.    Whether a written report was prepared; and if so, the date of each such report or reports;

    d.    The title, author, publisher, and date of publication of the treatises or other publications which each expert considers authoritative for his field of competency.

8.

State your version of the incident or incidents made the basis of this lawsuit.

9.

HaS the defendant, his agents, servants, employees, insurers and/or representatives caused an activity check or other investigation of any type to be made on plaintiff? If so, please state:

    a.    The names and addresses of all persons making such activity checks and/or investigations;

    b.    The date any such activity check and/or investigation was conducted;

    c.    Who employed the person making such activity checks and/or investigations.

10.

Were any photographs made of plaintiff, his family or his home, or any other aspect of this incident? If so, who has possession of such photographs?

11.

Is the defendant, his employees, agents, servants, and/or representatives aware of any telephone recordings that have been made of any conversation of plaintiff or any witness or witnesses to this case? If so, please state:

a. The name of the person making such recordings;

b. The person recorded;

c. The date of such recording;

d. Whether the recording has been transcribed; and if so, who has the transcription.

12.

Please state the full name, address and telephone number of each and every witness, whether lay witness, expert, physician, direct or rebuttal witness, which you intend or may consider calling at the trial on the merits of this matter. In connection with your answer, please, in general terms, state the facts or opinions to which each witness is expected to testify.

13.

Please list with particularity each and every tangible thing, whether document, photograph, video tape, physical item of evidence, or otherwise, which you intend to or may consider introducing as evidence at the trial on the merits of this matter.

14.

If you, Andrew Heaps, have ever been involved in any civil litigation, other than this action, or any criminal action, state the title, court, and docket number of each civil and/or criminal action, and the nature of the litigation.

15.

Please state if you, Andrew Heaps, were on the job or involved in any activity related to the course and scope of your employment at the time of this accident.

16.

Please state whether you owned a beeper, pager or mobile phone at the time of the accident made the basis of this lawsuit. If so, please state whether the beeper, pager or mobile phone was with you at the time of the accident and whether it was in use at the time if the accident.

17.

Please provide the name of the provider for the beeper, pager or mobile phone. Please include their address and telephone number.

18.

State whether the vehicle you were driving was equipped with any type of device that holds Electronically Stored Information ("ESI") including a global positioning device, vehicle onboard radar system, employer tracking system, or any other device that contains data that may be retrieved to indicate the speed, distance, location, or other information relevant to this accident.

18.

Please state your full name, current address, date of birth, social security number, and current employer and address.

### III. DOCUMENTS TO BE PRODUCED

1.

Please produce a certified copy of all policies of insurance issued to the defendant, Andrew Heaps, containing coverage for the incident which forms the basis of the complaint of plaintiff in the above-entitled and numbered action which would have been in full force and effect on June 19, 2015, including primary and excess coverages.

2.

Please provide a complete copy of the title and registration of ownership of the vehicle used by Andrew Heaps on June 19, 2015.

3.

Please produce a copy of any and all written, recorded, or oral statements given by the plaintiff or by anyone having knowledge of the facts which made the basis of the subject lawsuit involving the plaintiff.

4.

Please produce a copy of the driver's license, front and back, of Andrew Heaps.

5.

Please produce a copy of Andrew Heaps' beeper, pager or mobile phone billing record for the date of the accident.

6.

Please produce legible copies of each and every exhibit which defendant may or will introduce at trial of this matter, including but not limited to photographs, video tapes (surveillance or otherwise), documentary evidence, physical items, models, displays, tangible things or evidence of any other sort which pertains to the subject matter of this litigation.

7.

Consistent with LA C.C.P. Art. 1458, the attached Affidavit, signed and notarized.

These Interrogatories and Requests for Production are deemed to be continuing so as to require additional answers or responses should additional information or documents become available to defendants in the future, and the information sought is for information and documents known to or available to defendant or obtainable by defendant.

Respectfully submitted:

Christopher D. Shows
Bar Roll Number 20608
**PIERCE & SHOWS, APLC**
601 St. Joseph Street
Baton Rouge, Louisiana 70802
Telephone (225) 388-9574
Facsimile (225) 388-9574
cshows@pierceandshows.com

**PLEASE SERVE WITH THE PETITION ON DEFENDANT.**

| BRUCE LUNDBERG | 18TH JUDICIAL DISTRICT COURT |
|---|---|
| VERSUS | STATE OF LOUISIANA |
| | PARISH OF WEST BATON ROUGE |
| ANDREW HEAPS | NUMBER _____ SEC. ____ |

## VERIFICATION

**PROVINCE** _____

**COUNTY OF** _____

**BEFORE ME**, the undersigned Notary Public, personally came and appeared:

<u>ANDREW HEAPS</u>

who after being duly sworn did depose and say that he is the person who provided the information contained in the above and foregoing discovery responses and who did take oath and says that he has read the foregoing Answers to Interrogatories and Responses to Requests for Production of Documents and that the matters and things contained therein are true and correct to the best of his/her knowledge, information and belief, and subscribes his/her name hereto in certification thereof.

_____
Defendant, Andrew Heaps

**SWORN TO AND SUBSCRIBED** before me, Notary Public, this _____ day of _____, 2016.

_____
NOTARY PUBLIC
My Commission Expires _____

NOTARY SEAL

7